# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HEATHER HOFFMAN,
      Plaintiffs,

  v.                                  Case No. 08C0041

ALLAN K. KEHL, et al.,
      Defendants.

## DECISION AND ORDER

Plaintiff Heather Hoffman filed this action pursuant to 42 U.S.C. § 1983 against many defendants: Allan K Kehl; Alan Swartz; Maureen Swartz; Michael J Serpe; Debbie Hertzberg-Serpe; Diane Yule; Robert Riedl; Dennis Schultz; Kenosha County Circuit Courts; James Fitzgerald, Family Court Commissioner; Gail Gentz, Clerk of Court; City of Kenosha Police Department; Daniel Wade, Chief of Police; Kenosha County Sheriff's Department; David Beth, Sheriff; Charles Smith, Chief Deputy; Thomas W Anderson, Jr, Leilane U. Sta Romana, MD; Fred Schlater; Lena Schlater; Otto Nelson & Sons, agents for United Van Lines; Paul Kresse; Julie Boynton-Paskiewicz; and John Doe Defendants.

Plaintiff has filed two motions to proceed in forma pauperis. However, she has filed the full $350 filing fee, thus I will deny plaintiff's motions as moot and proceed to screening plaintiff's complaint. District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim if the complaint indicates that the plaintiff is not entitled to relief. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965. In other words, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff's complaint is very long – 63 pages in all. It alleges a broad, sweeping conspiracy that began in Kenosha, Wisconsin and continues to this day in Hilton Head, South Carolina, where plaintiff now lives. Plaintiff alleges that she worked under defendant Allan Kehl, the Kenosha County Executive, as an office manager until January 2004. She alleges that while working for Kehl, two other employees, defendants Alan Swartz and Michael J. Serpe, sexually harassed her and she was exposed to second-hand smoke that

2

aggravated various disabilities. Plaintiff complained to Kehl about the smoke and harassment, but he did not take any action. Apparently unrelated to the smoke and harassment, plaintiff alleges that defendant Diana Yule, who worked in human resources, had a bone to pick with her. Plaintiff believes that, in October 2002, all of these individuals began to conspire against her and falsify charges against her, apparently to discredit her and prevent her from taking legal action against them.

Plaintiff alleges that, also in October 2002, her house was burglarized. Plaintiff suggests that Kehl, Swartz, Serpe and Yule had something to do with the burglary, as did Swartz's wife, defendant Maureen Swartz; Serpe's wife, defendant Debra Hertzberg-Serpe; Kenosha County Personnel Director Robert Riedl; and Kenosha County Director of Health and Human Services Dennis Schultz. These individuals then conspired with defendants City of Kenosha Police Department, Kenosha County Sheriff's Department, Police Chief Daniel Wade, Sheriff David Beth, Chief Sheriff's Deputy Charles Smith and various John Does, to cover up the burglary. Plaintiff gave law enforcement officials information about the sexual harassment, smoke in the workplace and the conspiracy against her, which she believed would help them solve the burglary case. However, they did not file a report on the burglary and did not investigate the workplace complaints. Plaintiff confronted Kehl and others with her burglary theory, and things became more tense at work. Plaintiff alleges that the above-named defendants then conspired to obtain her medical files and learn about her weight-loss treatment and psychological problems in order to discredit her. In January 2004, plaintiff was either fired or resigned from her job.

Plaintiff believes that all of the above-named defendants have conspired to cause every misfortune that has befallen her since October 2002. Plaintiff alleges that they

3

caused a non-defendant to back into her car in January 2003; caused a girl to accuse plaintiff's dog of biting her in March 2003; caused plaintiff's uncle to die in May 2003 while undergoing dialysis in California; caused plaintiff's divorce lawyer, defendant Thomas Anderson, Jr., to negligently represent her in July 2003; caused plaintiff's doctor, defendant Leilane U. Sta Romana, to refuse to meet with her in November 2003; caused plaintiff's contractor, defendant Paul Kresse, to walk out on a remodeling job in May 2004; caused defendants Kenosha County Circuit Courts and Family Court Commissioner James Fitzgerald to grant plaintiff's ex-husband custody of their children in June 2004; caused defendants Fred and Lena Schlater to buy plaintiff's house below market in July 2004; caused the Wisconsin DMV to give plaintiff inaccurate information in March 2004; caused the post office to inconsistently forward her mail to her new home and identity thieves to obtain her credit information in 2004 and 2005; caused defendant Otto Nelson & Sons, a van line, to damage plaintiff's belongings in January 2005; caused defendant Fitzgerald to make inappropriate statements at a May 2005 hearing; caused child welfare personnel in South Carolina to thwart plaintiff's attempt to alter the terms of custody of her children in 2005 and 2006; caused defendant Gail Gentz, Kenosha County Clerk of Court, to be rude to plaintiff in June 2006; and ultimately caused court officials to rule against plaintiff. To this day, the conspirators have kept plaintiff from obtaining a job in South Carolina.

Plaintiff has filed a related lawsuit in the District of South Carolina that picks up where this one leaves off. It sues officials, individuals and businesses in South Carolina, accusing them of joining in the conspiracy that began in Kenosha and continuing it there.

Plaintiff's complaint fails to state a claim of conspiracy. The Supreme Court recently clarified that allegations of conspiracy must provide "plausible grounds to infer an

4

agreement" such that it raises a "reasonable expectation that discovery will reveal evidence of illegal agreement."  Twombly, 127 S. Ct. at 1965.  Plaintiff worked hard to plead conspiracy, by repeatedly asserting that the defendants had a "meeting of the minds" and giving the dates of the conspiracy as between 2002 and the present, but her allegations do not raise a plausible inference of conspiracy.  Plaintiff asserts an irrational motive, namely, discrediting and destroying her, and connects clearly unrelated events and entities into a single conspiracy.  Plaintiff's conspiracy allegations are so inconceivable and delusional that they not only fail to state a claim under Twombly, but they are also factually frivolous.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992); Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002).  As such, I will dismiss plaintiff's conspiracy claims against all defendants with prejudice.  See id. at 774.

Once plaintiff's conspiracy theory is eliminated, her complaint contains numerous unrelated legal grievances.  However, plaintiff is barred from bringing any conceivable claim against most of the defendants.  The police and sheriff's departments are not suable entities.[1]  Grow v. City of Milwaukee, 84 F. Supp. 2d 990, 994-95 (E.D. Wis. 2000); Abraham v. Piechowski, 13 F. Supp. 2d 870, 873 (E.D. Wis. 1998).  "Kenosha County Circuit Courts" is also not a suable entity and, further, is an arm of the state which is itself protected from suit by the Eleventh Amendment.  See Ryan v. Illinois Dep't of Children & Family Servs., 185 F.3d 751, 758 (7th Cir. 1999).  Fitzpatrick is immune from suit for the kinds of allegations that plaintiff raises.  See Loubser v. Thacker, 440 F.3d 439, 442 (7th

---

[1] If plaintiff had sued the city and county directly, rather than these entities, she would nevertheless have failed to state a claim for the reasons discussed below with reference to the sheriff, chief sheriff's deputy and chief of police.

5

Cir. 2006). Plaintiff may not sue defendants Kehl, Swartz, Serpe, Yule, Riedl, and Schultz under the relevant employment discrimination statutes because none of these individuals was plaintiff's "employer." See Geier v. Medtronic, Inc., 99 F.3d 238, 244 (7th Cir. 1996).[2]

Further, the complaint fails to state any possible claim against most of the remaining defendants. Plaintiff's allegations that non-defendant police officers failed to investigate plaintiff's burglary complaint and did not file an incident report do not state a claim against Police Chief Wade. See Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (regarding the personal involvement requirement of § 1983); Pacelli v. DeVito, 972 F.2d 871, 878 (7th Cir. 1992) (same). Plaintiff's allegation that she complained to Sheriff Beth and Chief Deputy Smith about a conspiracy against her but they failed to make any arrests or investigate the crimes does not state a claim under against these individuals. Even if plaintiff's complaints to them were not delusional, the Constitution does not require law enforcement officers to take affirmative action to protect a citizen not in their custody. See Losinski v. County of Trempealeau, 946 F.2d 544, 549 (7th Cir. 1991) (citing DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189 (1989)); see also Bright v. Westmoreland Co., 443 F.3d 276, 281 (3d Cir. 2006) (explaining DeShaney). Finally, plaintiff's complaint fails to state any conceivable claim against Maureen Swartz, Debbie Hertzberg-Serpe, Sta Romana, Gentz, Boynton-Paskiewicz, or "John Doe Defendants." The complaint alleges only that Sta Romana refused to meet with plaintiff, Gentz sent her an "unprofessional" email, and the others were somehow vaguely involved with the conspiracy.

---

[2]If plaintiff had sued her actual employer, Kenosha County, she would have run into problems with the relevant statute of limitations. See 42 U.S.C. § 2000e-5; AMTRAK v. Morgan, 536 U.S. 101, 109 (2002).

6

That leaves a few conceivable claims arising out of plaintiff's allegations: a malpractice claim against Anderson regarding plaintiff's divorce proceeding, a breach of contract claim against Kresse regarding plaintiff's remodeling job or against Otto Nelson & Sons regarding plaintiff's move, and a state claim of some kind against the Schlaters regarding plaintiff's real estate transaction. Plaintiff's complaint does not press any malpractice, breach of contract or real estate claim, and gives no indication that plaintiff would be interested in prosecuting such claims. Even if plaintiff wanted to amend her sprawling conspiracy complaint so that it only related to these discrete claims, I would not permit her to do so. Plaintiff's complaint does not provide me with information needed to determine whether I would have jurisdiction over any of these state law claims. Moreover, "[u]nrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). As such, I will dismiss plaintiff's case in its entirety. However, I make no legal conclusions regarding these final four conceivable claims. If plaintiff wishes to file a new action under state law regarding any one of these claims, or a series of suits regarding all of them, she is free to do so.

**For the reasons stated,**

**IT IS ORDERED** that plaintiff's motions to proceed in forma pauperis are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 8 day of February, 2008.

/s_____
LYNN ADELMAN
District Judge